# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL FIGUEROA (#14503-424), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 8375 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| UNITED STATES of AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angel Figueroa, presently in custody at FCI-Terre Haute, has brought this *pro se* civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and Federal Tort Claims Act 28 U.S.C. §2671. In his complaint, Plaintiff alleges that his right to a speedy trial was violated by Assistant United States Attorney Valerie Hays because she made a false statement to the trial court in his federal criminal proceedings regarding whether the Court had granted a sixty day continuance in which to file an indictment against him. Plaintiff names as Defendants the United States of America and Valerie Hayes.

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim [#8]. The motion is brought by the United States and Assistant United States Attorney Valerie Hayes in her official capacity. In their motion, Defendants argue that Plaintiff's claim is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994) and under the doctrine of *res judicata*.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must

"give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss. Defendant Valerie Hays, a former Assistant United States Attorney, was involved in the prosecution of Plaintiff's federal criminal case in the Northern District of Illinois on charges of conspiring to distribute heroin. Plaintiff contends that during his prosecution, Defendant Hays filed a document entitled "Government's Second Motion For Extension of Time In Which To Return Indictment" with the court, and in that document misrepresented that Judge Aspen had previously granted a sixty day extension of time in which to return an indictment against Plaintiff. Plaintiff contends that no such extension had been granted and that Defendant Hays' conduct resulted in a violation of his Sixth Amendment right to a speedy trial.

Plaintiff was convicted on July 7, 2006, receiving a sentence of 240 months of incarceration and five years supervised release. Plaintiff appealed, raising the issue of violation of his right to a speedy trial. The Seventh Circuit Court of Appeals affirmed his conviction in all respects on April 19, 2007. Plaintiff then filed a motion pursuant to 28 U.S.C. § 2255 on November 7, 2007, raising the same claims he did on direct appeal. Plaintiff's § 2255 motion was denied, and the denial was affirmed by the Seventh Circuit Court of Appeals. *United States v. Figueroa*, 394 Fed. Appx. 315 (7th Cir. 2010).

## ANALYSIS

**Plaintiff May not Pursue his Claims under the Civil Rights Act, 42 U.S.C. § 1983.**

In his complaint, Plaintiff states as the basis for his claims the Sixth Amendment, 42 U.S.C. § 1983, and the Federal Tort Claims Act, 28 U.S.C. § 2671. Plaintiff is suing Defendant Valerie Hays, and the United States, for purposes of his FTCA clam.

Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Since federal agents do not act under color of state law, § 1983 cannot be invoked to remedy their alleged misconduct. *Sisk v. United States*, 756 F.2d 497, 500, n.4. (7th Cir. 1985) *See Meiners v. Moriarity*, 563 F.2d 343, 348 (7th Cir. 1977); *Askew v. Bloemker*, 548 F.2d 673, 678 (7th Cir. 1976). Because Plaintiff's § 1983 claim contains only allegations against federal officers, he may not pursue a claim pursuant to 42 U.S.C. § 1983. To the extent Plaintiff alleges violation of his rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)

and Federal Tort Claims Act 28 U.S.C. §2671, Plaintiff fails to state a claim upon which relief can be granted because Defendant Hays is entitled to absolute immunity and recovery is barred pursuant to the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Defendant Hays is Entitled to Absolute Immunity**

While Defendants do not raise it as an argument in their motion, Plaintiff fails to state a claim upon which relief can be granted because Defendant Hays is entitled to absolute immunity. As Plaintiff was instructed by the Court in the order dismissing his prior civil rights suit, prosecutors are entitled to absolute immunity with respect to their activities as advocates. *See Figueroa v. Patrick Fitzgerald, et al.*, Case No. 06 C 2204 (N.D. Ill. May 16, 2006) (Darrah, J.); *see also Butz v. Economou*, 438 U.S. 478, 509-11 (1978) (*relying on Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

In *Butz*, 438 U.S. at 510, the Court explained that absolute immunity for prosecutors is based upon the same considerations that underlie absolute immunity for judges. Namely, both prosecutors and judges, given their role in the criminal justice system, are likely to provoke retaliatory suits by angry defendants. *Id*. Thus, the *Butz* Court held that prosecutors have absolute immunity for those activities which are intimately associated with the judicial phase of the criminal process. *Id*. at 511.

In his complaint, Plaintiff alleges that U.S. Attorney Hays made an untruthful statement in a pleading filed with the court that a sixty day extension had been granted in which to return the indictment against Plaintiff. These allegations, which clearly indicate that Plaintiff is attempting to hold Defendant Hays liable for activities in her role as advocate, are intimately associated with the judicial phase of the criminal process. Such activities include presenting motions to the court and making arguments in an effort to extend time and set trial strategy. These activities are not beyond the scope of a prosecutor's duty. As a result, U.S. Attorney Hays

is entitled to absolute immunity and Plaintiff's *Bivens* claim against her is dismissed. The Court also notes that the united States is named as a Defendant for purposes of bringing a claim under the FTCA. Because the FTCA claim is also based upon the actions of Defendant Hays during Plaintiff's prosecution, and not some other independent basis, the immunity extends to the United States as well, and Plaintiff's FTCA claim fails against both Defendants. *See Flynn v. Dyzwilewski,* 644 F. Supp. 769, 773 (N.D. Ill. 1986).

**Plaintiff's Claims are Barred by the Ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).**

Defendants argue in their motion to dismiss that Plaintiff fails to state a claim upon which relief can be granted because his claim is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court in *Heck* addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." In *Heck*, the plaintiff's complaint alleged that state prosecutors and police officers engaged in unlawful acts which led to the plaintiff's arrest and ultimate conviction. *Id.* at 479. The Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Plaintiff alleges that Defendant Hays' misrepresentation to the court resulted in a violation of his right to a speedy trial, pursuant to the Sixth Amendment to the U.S. Constitution. The Court finds that a judgment in favor of Plaintiff on such a claim under *Bivens*: that a prosecutor unlawfully pursued charges against him despite violating his speedy trial rights, would necessarily imply the invalidity of his convictions. *See Baldwin v. O'Connor*, 466 F. App'x 717, 717-718 (10th Cir. 2012) (affirming dismissal pursuant to *Heck* of § 1983 claim

alleging prosecutorial misconduct, among other things, in that such a claim would necessarily imply the invalidity of the plaintiff's convictions). Additionally, the Seventh Circuit has found that the remedy for a violation of a defendant's right to a speedy trial is dismissal of the indictment. *United States v. Hassebrock*, 663 F.3d 906, 912 (7th Cir. 2011). Thus, the Court finds that a favorable adjudication of the merits of Plaintiff's allegations in this claim would call his convictions into question.

In sum, the Court finds that, for all of the foregoing reasons, Plaintiff is not entitled to relief against Defendants. Accordingly this case is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate another "strike."

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#8] is granted because Plaintiff has failed to state a claim upon which relief can be granted. This case is dismissed on the Court's docket. This case is closed.

Dated: July 3, 2014 /s/
Joan B. Gottschall
United States District Judge